Mario Iskander, SBN #327025
JUSTICE LAW GROUP
1111 N. Brand Blvd., Suite 308
Glendale CA 91202
Tel. (240) 439-1970
Email mario@iskanderlaw.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MOHAMMAD GHAFARINIA a/k/a MATT NIA; ARSALAN GHANBARI; NIMA ASADI; and BETTER COMPANIES LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN F. McBRIDE and DEBORAH BLISSICK,<br><br>Defendants. | Case No. 8:26-cv-01922-MRA-PVC<br><br>**JOINT RULE 26(f) REPORT**<br><br>[Fed. R. Civ. P. 26(f); L.R. 26-1]<br><br>Scheduling Conference:<br>Date: November 10, 2026<br>Time: 11:00 a.m. (via Zoom)<br>Courtroom: 9B<br><br>Judge: Hon. Mónica Ramírez Almadani |

| | |
|---|---|
| Original Complaint: | July 20, 2026 (ECF 1) |
| First Amended Complaint: | August 12, 2026 (ECF 8) |
| Removal: | Not applicable |
| Responsive Pleading: | None (Defendants' Motions to Dismiss (ECF 9, 10) set for hearing November 3, 2026 |
| Final Pretrial Conference: | (Proposed): November 2, 2027 |

Plaintiffs Mohammad Ghafarinia a/k/a Matt Nia, Arsalan Ghanbari, Nima Asadi, and Better Companies LLC ("Plaintiffs"), and Defendants Brian F. McBride and Deborah Blissick ("Defendants"), through their counsel of record, submit this Joint Rule 26(f) Report under Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and the Court's Order Setting Scheduling Conference (ECF 12). Counsel conferred under Rule 26(f) by exchanging correspondence and drafts of this Report on October 30 and 31, 2026. The parties acknowledge that this Report was due on October 27, 2026, and submit it in response to the Court's October 30, 2026 Order.

## 1. STATEMENT OF THE CASE

### (a) Plaintiffs' Statement

Plaintiffs are three California residents of Persian/Iranian ancestry — the two owners of Better Companies LLC, an Irvine, California company, and its general counsel — and Better Companies itself. They allege that, beginning on or about February 6, 2026, Defendants, a married couple residing in New Jersey, carried out a coordinated campaign of knowingly false reports aimed at Plaintiffs because of their ancestry. The reports went to the Chief of Police of the City of Irvine, a Member of Congress, the Department of Homeland Security and U.S. Immigration and Customs Enforcement, U.S. Citizenship and Immigration Services, the FBI's Internet Crime Complaint Center, and the State Bar of California. In them, Defendant McBride described the matter as "harassment by immigrants," asked that Plaintiffs' immigration history be investigated, demanded that Plaintiffs "be removed in any lawful manner possible," and paired those threats with written demands for "restitution" and a "global settlement."

Plaintiffs allege that the premise of the reports — that Defendants were strangers receiving unsolicited "scam" calls — was false and known to be false: neutral third-party lead-verification records (Verisk/Jornaya) show that Defendant Blissick submitted an online loan inquiry to Plaintiffs' affiliated lender, Better Rise Capital LLC, on April 22, 2025, and record a further consented lead event from

Defendants' hometown on December 5, 2025. The First Amended Complaint asserts claims under 42 U.S.C. § 1981 (intentional ancestry discrimination impairing Plaintiffs' contractual relationships, including attorney engagements and business contracts) and 42 U.S.C. § 1985(3) (conspiracy to deprive Plaintiffs of rights secured by § 1981), and seeks compensatory and punitive damages, declaratory relief, a narrowly tailored injunction, and fees under 42 U.S.C. § 1988.

*Procedural history*. Plaintiffs filed suit on July 20, 2026, and filed the operative First Amended Complaint on August 12, 2026 (ECF 8). On September 21, 2026, Defendant Blissick moved to dismiss under Rules 12(b)(2), 12(b)(1), and 12(b)(6) (ECF 9), and Defendant McBride moved to dismiss under Rule 12(b) (ECF 10). Defendants also filed a Notice of Related Cases (Dkt. 11) identifying *James v. Ghanbari*, No. 8:26-cv-01489-FWS-BFM; by order dated October 1, 2026, and entered October 5, 2026, Judge Slaughter declined the transfer (Dkt. 13). Plaintiffs opposed both motions on October 13, 2026; Defendants replied (ECF 17, 18). The motions are set for hearing on November 3, 2026. No answer has been filed and no counterclaim has been asserted.

**(b) Defendants' Statement**

Defendants deny Plaintiffs' allegations in their entirety. Defendants are two private individuals residing in New Jersey. After receiving a series of unwanted telephone solicitations, Defendant McBride communicated with law-enforcement and government officials, and with Plaintiffs' counsel, about that conduct and about a pre-litigation demand Plaintiffs' counsel had sent him. Defendants contend that those communications are constitutionally protected petitioning activity and that this suit is an effort to penalize them for it.

Defendants' positions are set out in their pending motions to dismiss (ECF 9, 10) and replies (ECF 17, 18), and in summary are: (1) the Court lacks personal jurisdiction over Defendant Blissick, who has no suit-related contacts with California; (2) Plaintiffs lack Article III standing, including standing to seek prospective

injunctive relief; (3) Defendants' communications to government bodies are protected by the First Amendment and the Noerr-Pennington doctrine, and the First Amended Complaint pleads no facts bringing them within any recognized exception; (4) the First Amended Complaint fails to state a claim under 42 U.S.C. § 1981, because Defendants were not parties to and had no authority over the contracts alleged, because Plaintiffs do not plausibly plead that ancestry was the but-for cause of any impaired contract, and because the individual Plaintiffs cannot assert contract rights belonging to the corporate entity; and (5) the First Amended Complaint fails to state a claim under 42 U.S.C. § 1985(3), which creates no substantive rights and depends on a § 1981 violation that is not pleaded, and which does not plausibly plead an agreement.

Defendants deny that any damages are owed and reserve all defenses. Defendants further note that this action arises from the same facts as Defendant McBride's pending claims against Plaintiffs' affiliated entities, and that the claims pleaded here could have been asserted as compulsory counterclaims in related proceedings.

Defendant Blissick submits this Report without waiving, and expressly preserving, her pending challenge to personal jurisdiction.

## 2. SUBJECT MATTER JURISDICTION

The Court has federal-question jurisdiction under 28 U.S.C. § 1331, and jurisdiction under 28 U.S.C. § 1343(a)(1)–(4), because Plaintiffs' claims arise under 42 U.S.C. §§ 1981 and 1985(3). Plaintiffs assert no state-law claims, and supplemental jurisdiction is not invoked. While Defendants do not contest the claims arise under federal law, Defendants challenge Plaintiffs' standing in their motions to dismiss.

## 3. LEGAL ISSUES

The key legal issues include:

- Whether the Court has specific personal jurisdiction over each Defendant under the *Calder* effects test, *Calder v. Jones*, 465 U.S. 783 (1984); *Briskin v. Shopify, Inc.*, 135 F.4th 739 (9th Cir. 2025) (en banc),

including whether forum-directed acts of one alleged co-conspirator may be attributed to the other.

- Whether Plaintiffs have Article III standing to seek damages and injunctive relief.
- Whether Defendants' communications to government bodies are protected petitioning under the First Amendment and the *Noerr-Pennington* doctrine, or fall within the sham exception (knowing misrepresentation) or outside petitioning protection as extortion.
- Whether Defendants intentionally discriminated against Plaintiffs because of Persian/Iranian ancestry, and whether ancestry was a but-for cause of the impairment of Plaintiffs' contractual rights, *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 589 U.S. 327 (2020); the scope of § 1981 liability for persons who are not parties to the impaired contracts; and the imputed racial identity of Better Companies LLC.
- Whether Defendants, as spouses, are capable of conspiring and whether § 1981 rights may serve as the predicate for a § 1985(3) claim against purely private actors.
- Whether Plaintiffs' claims are compulsory counterclaims in, or duplicative of, other litigation, as Defendants contend.
- The permissible scope of any injunctive relief consistent with the First Amendment.
- *Evidentiary and procedural issues:* authentication of third-party lead-verification and IP records; the confidentiality of State Bar complaint records (Cal. Bus. & Prof. Code § 6086.1(b)) and of federal-agency records (requests subject to agency *Touhy* regulations); and the attorney-client privilege and work product of Plaintiffs' current and former counsel, who were targets of some of the communications at issue.

- Whether discovery and scheduling should be stayed pending resolution of Defendants' motions to dismiss, which raise threshold questions of personal jurisdiction, Article III standing, and First Amendment / Noerr-Pennington immunity; whether any Defendant was a party to, or had authority to interfere with, the contracts the First Amended Complaint alleges were impaired; and whether Plaintiffs' claims could have been brought as compulsory counterclaims in, or are duplicative of, other pending proceedings.

## 4. PARTIES, EVIDENCE, ETC.

### (a) Parties

*Plaintiffs:* Mohammad Ghafarinia a/k/a Matt Nia; Arsalan Ghanbari; Nima Asadi; and Better Companies LLC, a California limited liability company. Better Companies LLC has no parent corporation, and no publicly held corporation owns 10% or more of its membership interests. Its members are Mr. Ghafarinia and Mr. Ghanbari. Better Rise Capital LLC is a subsidiary of Better Companies LLC.

*Defendants:* Brian F. McBride and Deborah Blissick, individuals residing in Linwood, New Jersey.

*Additional parties:* Plaintiffs do not presently anticipate adding parties. Defendants do not presently anticipate adding parties, without waiving their contention that the claims pleaded here are compulsory counterclaims in, or duplicative of, other pending matters.

### (b) Percipient Witnesses

Plaintiffs' preliminary list:

- Plaintiffs Mohammad Ghafarinia, Arsalan Ghanbari, and Nima Asadi.
- Daniel C. Gavilanes, in-house counsel to the Better group of companies.
- Defendants Brian F. McBride and Deborah Blissick.
- Plaintiffs' former outside counsel at Shipkevich PLLC (Felix Shipkevich and Rebecca Klar), subject to privilege.

- Defendants' former counsel, Mr. Ginsburg, concerning pre-suit communications and demands.
- The Chief of Police, responding officer(s), and records custodian of the Irvine Police Department.
- Custodians of records for Verisk/Jornaya (TCPA Guardian) and for the internet service provider assigned IP address 73.194.101.237.
- Staff of the Office of Representative Jeff Van Drew who received Defendant McBride's communications.
- Custodians of records for DHS/ICE, USCIS, the FBI Internet Crime Complaint Center, and the State Bar of California, as their regulations permit.
- Lenders, vendors, and business counterparties of Better Companies LLC and Better Rise Capital LLC, to be identified in initial disclosures.
- Defendants Brian F. McBride and Deborah Blissick; percipient witnesses to the telephone solicitations at issue; custodians necessary to authenticate the lead-verification records; and Plaintiffs and their current and former counsel as to the pre-litigation demands, subject to privilege. Defendants reserve the right to supplement.

**(c) Key Documents**

- Defendant McBride's February 6, 2026 report to the Chief of Police of the City of Irvine and his June 23, 2026 renewed request.
- Defendant McBride's communications to Representative Van Drew and his staff, including the June 25, 2026 letter, and to DHS/ICE.
- Defendant McBride's June 25, 2026 submissions to USCIS and the FBI Internet Crime Complaint Center.
- Defendant McBride's State Bar of California complaints against Plaintiff Asadi (February 6, 2026, No. 265002, and June 23, 2026) and related State Bar correspondence.

- Defendants' written demands for "restitution" and a "global settlement," including the June 24, 2026 email and the April 20, 2026 communication from Defendants' then-counsel.
- The Verisk/Jornaya lead certificates for April 22, 2025 (Universal LeadiD B5B802E7-0833-10C4-6433-14251DD683E6) and December 5, 2025 (Universal LeadiD 2E92A0EA-E963-430B-E8BA-A032A56E7ECC), with associated IP and consent data.
- Defendants' call logs, devices, emails, and texts concerning Plaintiffs, the calls, and the reports.
- Pleadings in *Blissick v. Better Rise Capital LLC*, No. 1:26-cv-02258-KMW-EAP (D.N.J.), and *James v. Ghanbari*, No. 8:26-cv-01489-FWS-BFM (C.D. Cal.).
- Plaintiffs' engagement agreements and records showing the effect of Defendants' conduct on Plaintiffs' attorney engagements and business relationships.
- Subject to Defendants' position on a stay, Defendants identify: the communications described above; the records of the telephone solicitations Defendants received; the lead-verification and consent data; the pre-litigation demand correspondence exchanged between counsel; the pleadings and demands in the related proceedings; and Plaintiffs' records concerning the contracts alleged to have been impaired and the damages claimed.

## 5. DAMAGES

*Plaintiffs:* Plaintiffs seek compensatory damages for emotional distress, reputational harm, and economic loss (including business disruption, impairment of lender and counterparty relationships, and diverted executive and counsel time); punitive damages; and attorney's fees and costs under 42 U.S.C. § 1988. Plaintiffs' present good-faith estimate of the realistic range of provable compensatory damages,

for all Plaintiffs combined, is $100,000 to $250,000. That estimate excludes punitive damages, attorney's fees, and costs, which will be determined at trial and on post-trial motion. Discovery has not begun, and Plaintiffs will update the estimate as it proceeds.

*Defendants:* Defendants deny liability and contend that Plaintiffs are entitled to no damages. No counterclaim is asserted in this action. Defendants reserve the right to seek their attorney's fees and costs, including under 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 11, should they prevail.

## 6. INSURANCE

*Plaintiffs:* Not applicable; no counterclaim has been asserted against Plaintiffs.

*Defendants:* Defendants are determining whether any homeowner's, umbrella, or other liability policy may apply to the claims asserted and will supplement this response as required by Rule 26(a)(1)(A)(iv).

## 7. MOTIONS

### (a) Procedural Motions

Defendants' motions challenging personal jurisdiction and standing (ECF 9, 10) are pending. Depending on the Court's ruling on November 3, 2026, Plaintiffs may seek leave to file a Second Amended Complaint, including to add facts concerning the impairment of Plaintiffs' attorney engagements. Plaintiffs do not presently anticipate a motion to add parties or to transfer venue. Plaintiffs anticipate seeking a stipulated protective order and an order under Federal Rule of Evidence 502(d). Defendants' motions to dismiss (ECF 9, 10) are pending and set for hearing November 3, 2026. Defendants intend to move to stay discovery and all scheduling deadlines pending the Court's ruling on those motions, which raise threshold questions of personal jurisdiction, standing, and immunity. Defendants will join in a stipulated protective order and in a request for an order under Federal Rule of Evidence 502(d). Defendant Blissick's participation in this Report is without waiver of her pending challenge to personal jurisdiction.

**(b) Dispositive Motions**

Defendants' motions to dismiss (ECF 9, 10) are pending. After discovery, Plaintiffs anticipate moving for summary judgment or partial summary judgment on issues that may include the falsity of Defendants' non-consent premise, the inapplicability of *Noerr-Pennington* protection, and the conspiracy element. Should the action proceed past the pending motions, Defendants anticipate moving for summary judgment or partial summary judgment on all claims, including on First Amendment and Noerr-Pennington grounds, on the absence of but-for ancestry causation under § 1981, and on the absence of a plausible agreement under § 1985(3).

**(c) Class Certification Motion**

Not applicable. This is not a putative class action.

**8. MANUAL FOR COMPLEX LITIGATION**

The parties agree that the procedures of the Manual for Complex Litigation need not be used.

**9. DISCOVERY**

**(a) Status of Discovery**

No discovery has been served, and the parties have not yet exchanged initial disclosures. No discovery disputes are pending. Plaintiffs anticipate a dispute if Defendants seek to stay discovery pending decision on their motions to dismiss; Plaintiffs oppose any such stay. Defendants' position is that discovery should be stayed pending the Court's ruling on the motions to dismiss, and Defendants intend to seek such a stay. No discovery has been served.

**(b) Discovery Plan**

*Initial disclosures.* The parties propose to exchange Rule 26(a)(1) disclosures by November 13, 2026, and propose no other change to the form or requirements of Rule 26(a). Defendants' position is that Rule 26(a)(1) disclosures and all other discovery should await the Court's ruling on the pending motions. Without waiving

that position, if the Court orders disclosures to proceed, Defendants will exchange them on the date the Court sets.

*Subjects of discovery.* Plaintiffs expect to seek discovery on: (1) each communication Defendants made to the Irvine Police Department, Representative Van Drew's office, DHS/ICE, USCIS, the FBI, and the State Bar of California about Plaintiffs or their counsel, and any responses; (2) Defendant Blissick's April 22, 2025 loan inquiry and the December 5, 2025 lead event, including Defendants' devices, IP addresses, email accounts, and browsing records for those dates; (3) communications between Defendants concerning Plaintiffs, the calls, the reports, and any demand for money; (4) Defendants' knowledge of Plaintiffs' ancestry and the basis for the statements about immigration status in Defendants' communications; (5) Defendants' call logs and records of the calls they describe; (6) Defendants' demands for "restitution" and a "global settlement"; (7) Defendants' contacts with Plaintiffs' family members, counsel, and business counterparties; and (8) facts supporting any affirmative defense. Plaintiffs anticipate third-party subpoenas to Verisk/Jornaya, the internet service provider for IP address 73.194.101.237, and the Irvine Police Department, and records requests to the State Bar and federal agencies under their applicable regulations. Defendants are expected to take discovery on Plaintiffs' ancestry-based allegations, the impaired contracts, and Plaintiffs' damages. Subject to Defendants' position that discovery should be stayed, Defendants expect to seek discovery concerning the telephone solicitations at issue, the contracts Plaintiffs allege were impaired and the claimed impairment, Plaintiffs' damages, and the factual basis for Plaintiffs' ancestry-based allegations.

*Phasing.* Plaintiffs propose that discovery proceed on all issues without phasing and oppose any stay pending decision on the motions to dismiss. If the Court concludes that personal jurisdiction should be resolved first, Plaintiffs request leave to take targeted jurisdictional discovery within 60 days. Defendants contend that no discovery should proceed pending the motions to dismiss, and in particular that

merits discovery should not proceed while Defendant Blissick's challenge to personal jurisdiction is pending. If the Court permits any discovery to proceed, Defendants request that it be limited to jurisdictional issues in the first instance.

*Limitations*. Plaintiffs propose that the limits of the Federal Rules apply (10 depositions per side, 7 hours each; 25 interrogatories per party), without change. Defendants agree that the presumptive limits of the Federal Rules should apply, without change.

*Electronically stored information*. The parties have been advised to preserve relevant ESI, including emails, text and messaging-app messages, call logs, web-form and browser data, and device data from January 1, 2025, forward. Plaintiffs propose that emails and documents be produced as searchable PDF or TIFF images with load files and standard metadata, that spreadsheets, call logs, and audio be produced in native format, and that text messages be produced in a format that preserves sender, recipient, date, and time. Subject to Defendants' position on a stay and to entry of a protective order, Defendants agree to the preservation obligations and production formats described.

*Privilege and protective order*. The parties will submit a stipulated protective order to Magistrate Judge Castillo to protect confidential financial, personal, and immigration-related information, and request an order under Federal Rule of Evidence 502(d). Communications with litigation counsel of record after July 20, 2026, need not be logged. Defendants agree to submit a stipulated protective order to Magistrate Judge Castillo and to request an order under Federal Rule of Evidence 502(d), and agree that communications with litigation counsel of record after July 20, 2026 need not be logged.

**(c) Discovery Cut-off**

Plaintiffs propose a non-expert discovery cut-off of May 18, 2027 (24 weeks before the proposed Final Pretrial Conference). Defendants' position is that scheduling should await the Court's ruling on the pending motions. Without waiving

that position, if the Court sets a schedule, Defendants do not object to the intervals Plaintiffs propose and request that all pretrial dates run from the date of the Court's ruling; Defendants' entries appear in Appendix A.

**(d) Expert Discovery**

Plaintiffs propose initial expert disclosures by June 8, 2027; rebuttal expert disclosures by July 6, 2027; and an expert discovery cut-off of July 27, 2027. Plaintiffs anticipate experts in digital forensics and lead verification, and damages. Subject to Defendants' position on a stay, Defendants do not object to Plaintiffs' proposed expert schedule. Defendants will identify any experts, which may include experts in digital forensics and damages, if and when the action reaches expert discovery.

**(e) Settlement Conference / Alternative Dispute Resolution (ADR)**

Before suit, Defendants' then-counsel sent Plaintiffs a demand, and Defendant McBride wrote that he would authorize a "global settlement." No settlement discussions have taken place since this action was filed. A Notice to Parties of Court-Directed ADR Program (Form ADR-08) was filed on July 29, 2026 (ECF 5). Under Local Rule 16-15.4, Plaintiffs' preference is ADR Procedure No. 2, a mediation before a neutral from the Court Mediation Panel. Defendants' preference is ADR Procedure No. 2, after the Court's ruling on the pending motions.

**(f) Trial**

*i. Trial Estimate.* Plaintiffs estimate 5 to 6 court days and expect to call approximately 10 to 12 witnesses. Defendants estimate 4 to 5 court days and approximately 6 to 8 witnesses.

*ii. Jury or Court Trial.* Plaintiffs have demanded a jury trial on all issues so triable.

*iii. Consent to Trial Before a Magistrate Judge.* Under the District's Voluntary Consent Program (C.D. Cal. General Order No. 24-06), Plaintiffs do not consent at this time but remain open to revisiting consent after the Court rules on the pending motions to dismiss. Defendants do not consent to trial before a Magistrate Judge.

*iv. Lead Trial Counsel*. For Plaintiffs: Mario Iskander. For Defendants: Mark L. Javitch.

**(g) Independent Expert or Master**

The parties do not believe that appointment of a master under Rule 53 or an independent expert is necessary at this time.

**(h) Other Issues**

*Related litigation*. The following matters involve overlapping parties or facts: *Blissick v. Better Rise Capital LLC*, No. 1:26-cv-02258-KMW-EAP (D.N.J.); *James v. Ghanbari*, No. 8:26-cv-01489-FWS-BFM (C.D. Cal.), in which Judge Slaughter declined to transfer this action as related (Dkt. 13); and Defendant McBride's arbitration demand before JAMS against Plaintiffs' affiliated entities. Defendants agree with the list of related matters and add that Defendant McBride's arbitration demand before JAMS concerns Plaintiffs' affiliated entities and overlaps factually with this action.

*Confidential records*. Records held by the State Bar of California and by federal agencies are subject to statutory and regulatory confidentiality limits, which may require additional time or court orders to obtain.

*Bifurcation*. Plaintiffs propose no bifurcation, other than deferring evidence of Defendants' financial condition for punitive damages until after a liability finding. Defendants agree that no bifurcation is necessary at this stage, other than the customary deferral of evidence of financial condition relevant to punitive damages until after any liability finding.

*Interpreters, ADA, foreign discovery*. Plaintiffs do not anticipate the need for interpreters, ADA accommodations, or discovery in foreign jurisdictions. Defendants do not anticipate the need for interpreters, ADA accommodations, or discovery in foreign jurisdictions.

Respectfully submitted,

**JUSTICE LAW GROUP**

Dated: October 31, 2026

By: */s/ Mario Iskander*
Mario Iskander
Attorneys for Plaintiffs

**JAVITCH LAW OFFICE**

Dated: October 31, 2026

By: */s/ Mark L. Javitch*
Mark L. Javitch
Attorney for Defendants
Brian F. McBride and Deborah Blissick

## ATTESTATION (L.R. 5-4.3.4(a)(2)(i))

I, Mario Iskander, attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: October 31, 2026

By: */s/ Mario Iskander*
Mario Iskander

# APPENDIX A

## JUDGE MÓNICA RAMÍREZ ALMADANI

## SCHEDULE OF PRETRIAL DATES WORKSHEET

Case No. 8:26-cv-01922-MRA-PVC
Case Name: *Mohammad Ghafarinia, et al., v. Brian F. McBride, et al.*

| **Event (motion hearings on Tuesdays at 10:00 a.m.)** | **Weeks Before FPTC** | **Plaintiffs' Date** | **Defendants' Date** |
|---|---|---|---|
| Trial — Check one: [X] Jury Trial [ ] Court Trial. Court sets trial date at FPTC. Estimated duration: 5–6 days | | N/A | N/A |
| Final Pretrial Conference (L.R. 16) [Tuesday at 1:30 p.m., within 12 months of Scheduling Conference] | | 11/02/2027 | Agree |
| Opposition to Motions in Limine Filing Deadline | 3 | 10/12/2027 | Agree |
| Motions in Limine Filing Deadline | 4 | 10/05/2027 | Agree |
| Settlement Conference Completion Date (L.R. 16-15) — Panel | 5 | 09/28/2027 | Agree |
| Last Date to HEAR Daubert Motions | 8 | 09/07/2027 | Agree |
| Last Date to HEAR Non-Discovery Motions | 12 | 08/10/2027 | Agree |
| Expert Discovery Cut-Off | 14 | 07/27/2027 | Agree |
| Expert Disclosure (Rebuttal) | 17 | 07/06/2027 | Agree |
| Expert Disclosure (Initial) | 21 | 06/08/2027 | Agree |
| Non-Expert Discovery Cut-Off | 24 | 05/18/2027 | Agree |
| Last Date to Hear Motions to Amend Pleadings/Add Parties [90 days after Scheduling Conference] | X | 02/09/2027 | Agree |

Where the parties agree, Defendants will mark "Agree." The text-fillable Worksheet must also be emailed to MRA_Chambers@cacd.uscourts.gov with the Joint Report.

**CERTIFICATE OF SERVICE**

I am over the age of 18 and have not appeared in this action. I am a resident of or employed in the county where the mailing occurred; my business address is: 1111 N. Brand Blvd., Ste. 308, Glendale, CA 91202

On October 31, 2026, I caused the foregoing document described as:

**JOINT RULE 26(f) REPORT**

to be served on the following parties:

| | |
|---|---|
| Mark L. Javitch (CA SBN 323729)<br>JAVITCH LAW OFFICE<br>3 East 3rd Ave., Ste. 200<br>San Mateo, CA 94401<br>Telephone: (650) 781-8000<br>Email: mark@javitchlawoffice.com | *Attorneys for Plaintiffs JOSEPH JAMES and BRIAN McBRIDE* |

[ ] (By U.S. Mail) I placed copies of the documents in sealed envelopes addressed as set forth above and deposited such envelopes in the mail at the United States Post Office in Los Angeles County, California with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X ] BY ELECTRONIC SERVICE: By submitting an electronic version of the documents(s) to the addressee named above at his listed address for electronic communications, (email address) and by ECF.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 31, 2026

/s/ Mario Iskander
Martio Iskander